UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) ) | No. 07 C 0142 |
| Plaintiff, | ) ) | Judge Ruben Castillo |
| JOSEPH P. WARD, INDIVIDUALLY AND AS AN OFFICER OF LOCAL 150, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"), brought this action against Defendant, Joseph P. Ward ("Ward"), alleging violations of Section 501 of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501(a), (b) ("LMRDA") and a state law breach of fiduciary duty claim. (R. 1, Compl.) Local 150 alleges that this Court has subject matter jurisdiction over the LMRDA matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law fiduciary duty claim pursuant to 28 U.S.C. § 1367. (*Id.*) Ward filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, a motion for summary judgment. (R. 33, Ward Mot. to Dismiss.)

I.   **Background**

Local 150 is a labor organization representing approximately 22,000 employees, with its principal office in Countryside, Illinois. (R. 15, Answer ¶ 4.) Ward is the elected Treasurer of Local 150 and has served in that position since 1986. (*Id.* ¶ 7.) In its complaint, Local 150 alleges that Ward breached his fiduciary duty to the union and its members by purchasing a piece of land in 1994 that Ward knew Local 150 was interested in purchasing for itself. (R. 1, Compl.

¶¶ 9-14.) Ward and his partners developed the property and sold the property for a profit in 2003. (*Id.* ¶¶ 16-18.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss a matter over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion for "dismissal for lack of subject matter jurisdiction, . . . a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). In considering such a motion, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (internal citations omitted).

## III. LMRDA Claim

In his motion, Ward argues that this Court lacks subject matter jurisdiction over Local 150's LMRDA claim because Section 501 of the LMRDA does not provide a private right of action for unions.[1] (R. 33, Ward Mot. at 3.) A private federal right of action is necessary to maintain federal jurisdiction here, where no constitutional or substantial federal issue outside the LMRDA is present in Local 150's complaint. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). To determine whether subject matter jurisdiction

---

[1] Local 150 argues that this Court previously rejected Ward's subject matter jurisdiction argument when we denied Ward's prior motion to dismiss. (R. 38, Local 150 Resp. at 11.) This Court's denial of the prior motion to dismiss (R. 9), however, did not reference subject matter jurisdiction. (R. 12, 3/6/07 Min. Order.) Regardless, "limits on subject-matter jurisdiction are not waivable or forfeitable . . . federal courts are required to police their jurisdiction." *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006).

2

exists, the Court looks first to Local 150's complaint because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 659 (7th Cir. 2006) (internal citations omitted). Local 150 claims that subject matter jurisdiction exists because the case arises under federal law, 28 U.S.C. § 1331. (R. 1, Compl. ¶ 2.) "To arise under federal law, the law must create the cause of action." *Ho-Chunk*, 463 F.3d at 659 (internal citations and quotations omitted). Local 150's complaint lists the LMRDA as a basis for jurisdiction in federal court.

Section 501(a) of the LMRDA lists the fiduciary duties that representatives of a labor organization owe to the organization and its members, including:

> to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. . . .

29 U.S.C. § 501(a). In the event that the duties stated in Section 501(a) are violated, Section 501(b) provides for the following remedy:

> [if] the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization.

3

29 U.S.C. § 501(b).

Federal courts are divided on the issue of whether Section 501 gives a union, as opposed to a union member, a private right of action. *See Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 375 n.16 (1990) (acknowledging that "[c]ourts have reached inconsistent positions on the question whether a union may bring suit under § 501"). In *Guidry*, the Supreme Court opined that Section 501, "by its terms, does not establish a private right of action for a union itself." *Id.* While the language of the statute "certainly contemplates that a union may bring suit against its officers in some forum . . . it does not expressly provide an independent basis for federal jurisdiction." *Id.* The Supreme Court declined to resolve the issue.[2] *Id.*

The Seventh Circuit has not yet weighed in on this issue.[3] This Court finds persuasive the analysis of courts holding that the plain language of Section 501 does not support a private right of action for unions. *See, e.g., Int'l Union, Security, Police and Fire Prof'ls of Am. v. United Gov't Sec. Officers of Am. Int'l Union*, No. 04 C 2242, 2004 WL 3019430, at *4 (D. Kan. Dec. 30, 2004); *Local 15 of Int'l Bhd. of Elec. Workers v. O'Reilly*, No. 02 C 6464, 2003 WL 29896,

---

[2] After explicitly declining to resolve the question of whether Section 501 provides a private right of action for a union, the *Guidry* Court added that "we assume, without deciding, that a union may invoke the remedial provisions of § 501(b)." *Id.* Contrary to Local 150's argument, the Court's assumption does not support the existence of a private cause of action for unions under Section 501.

[3] In *Tile, Marble, Terrazzo, Finishers, Shopworkers and Granite Cutters Int'l Union, AFL-CIO v. Ceramic Tile Finishers Union, Local 25*, 972 F.2d 738, 742 (7th Cir. 1992), federal jurisdiction existed under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). There, the Seventh Circuit found that the policies underlying Section 501 of LMRDA were not at stake in a matter involving an international union's suit to enforce its trusteeship over a local union. *Id.* at 745. In dicta, the Court added that "it unnecessary to decide whether a union could sue under section 501 without meeting the procedural prerequisites of the statute." *Id.* at 745 n.4. This footnote leaves open the question of whether there are any circumstances in which a union could sue under Section 501.

at *3 (N.D. Ill. Jan. 2, 2003); *Local 1150 Int'l Bhd. of Teamsters v. Santa Maria*, 162 F. Supp. 2d 68, 80-81 (D. Conn. 2001); *United Transp. Union v. Bottalico*, 120 F. Supp. 2d 407, 408-09 (S.D.N.Y. 2000); *Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO, v. Freeman*, 683 F. Supp. 1190, 1192 (N.D. Ill. 1988). The plain language of Section 501(b) provides that "such member may sue . . . in any district court of the United States or in any State court of competent jurisdiction . . ." 29 U.S.C. § 501(b). Section 402(o) of the LMRDA defines the term "member" to include "*any person* who has fulfilled the requirements for membership in such organization. . . ." 29 U.S.C. § 402(o) (emphasis added). In the absence of any explicit authorization from Congress, this Court may not enlarge its jurisdiction by permitting the union to sue in federal court. It is an "elemental canon of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies." *Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 533 (1989) (internal quotations omitted). In such cases, "in the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Id.* "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others. Sometimes the suggestion is so strong that it precludes a finding of congressional intent to create a private right of action, even though other aspects of the statute . . . suggest the contrary." *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) (internal citations omitted). If Congress had wanted to give the union the same right of action that it explicitly provided to union members—defined as "persons" under the statute—it could have done so.

Furthermore, Congress could conceivably have intended to relegate unions to sue in state

5

court due to the federal policy of noninterference in internal union affairs. *See Fulk v. United Transp. Union,* 160 F.3d 405, 408 (7th Cir. 1998) (explaining federal policy of noninterference in internal union affairs). In fact, the Ninth Circuit construed Section 501 of the LMRDA as not creating a right of action for unions "[b]ecause of the federal policy of noninterference in the internal affairs of unions and labor matters." *Bldg. Material & Dump Truck Drivers Local 420 v. Traweek,* 867 F.2d 500, 506 (9th Cir. 1989); *see also Dunlop-McCullen v. Pascarella,* No. 97 C 195, 2002 WL 31521012, at *9 (S.D.N.Y. Nov. 13, 2002) (holding that Section 501 did not create private right of action for unions in part because adequate recourse for unions was available under state law). Although Section 501(b) limits union members' right to sue until after the union fails to sue for breach of the fiduciary duties listed in Section 501(a), we do not read this as providing a private right of action to unions under Section 501(b). Unions still have the right to sue in state court for breach of fiduciary duty by its officers or other representatives. *But see Int'l Union of Elec., Elec. Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham,* 97 F.3d 1416, 1421 (11th Cir. 1996) (holding that Section 501(b)'s provision that unions have first opportunity to sue shows that Congress did not mean to exclude possibility of federal jurisdiction over claims by unions under this section).

Nevertheless, some courts have looked beyond the plain language of Section 501(b)—expressly conferring jurisdiction only on union members—to find an implied right of action for unions in Section 501(a)'s recitation of the fiduciary duties of the "officers, agents,

6

shop stewards, and other representatives of a labor organization."[4] *See, e.g., Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1339 (E.D. Va. 1996); *Teamsters, Chauffeurs, Warehousemen & Helpers, Local 764 v. Greenawalt*, 880 F. Supp. 1076, 1080-81 (M.D. Pa. 1995); *Operative Plasterers & Cement Masons Intern. Ass'n of U.S. and Canada, AFL-CIO v. Benjamin*, 776 F. Supp. 1360, 1365 (N.D. Ind. 1991). The Supreme Court set out a four-part test to determine whether courts can imply a private right of action from a statute: "(1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; (2) whether there is any indication of legislative intent to create or deny such a remedy; (3) whether an implied remedy is consistent with the underlying purposes of the statutory scheme; and (4) whether the cause of action is one traditionally relegated to the states so that it would be inappropriate to infer a federal remedy." *Edelson v. Ch'ien*, 405 F.3d 620, 630 (7th Cir. 2005) (setting forth four-part test in *Cort v. Ash*, 422 U.S. 66 (1975)). The Supreme Court focuses primarily on legislative intent, which asks "whether Congress intended an implied right of action . . . in light of the statute's language, structure, and legislative history." *Id.* at 630-31 (internal citations omitted). If these inferences of intent are absent, "the essential predicate for implication of a private remedy does not exist." *Id.* at 631. As explained above, Section 150's language—providing an express remedy to union *members*—

---

[4] Some of these cases distinguish between 28 U.S.C. § 1337, which vests jurisdiction in the federal courts for "any civil action or proceeding arising under any Act of Congress regulating commerce," and 28 U.S.C. § 1331, which gives federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court does not distinguish between the arising under standards of § 1337 and § 1331. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, *8 n.7 (1983). Neither jurisdictional statute saves Local 150's LMRDA claim because, as explained above, "[t]o arise under federal law, the law must create the cause of action," *Ho-Chunk*, 463 F.3d at 659, and Section 150 of the LMRDA does not create a private right of action for unions.

"weighs heavily against finding legislative intent to give a cause of action" to unions. *See Santa Maria*, 162 F. Supp. 2d at 80-81. In addition, neither the statute's structure or legislative history support finding an implied right of action for unions. *See Int'l Longshoremens Ass'n, AFL-CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel*, 995 F. Supp. 564, 573 (E.D. Pa. 1998) (holding that cause of action for a union under Section 501 may not be implied from the statute or its purpose); *Dunlop-McCullen*, 2002 WL 31521012, at *9 (holding that Section 501 did not create cause of action for unions because in enacting the LMRDA, Congress was more concerned with enabling suits by union members than by unions).

Accordingly, the Court finds neither an express nor implied right of action for unions in Section 501. Because Section 501 of the LMRDA does not provide a private right of action for unions, this Court must dismiss Local 150's LMRDA claim for lack of subject matter jurisdiction.[5]

## IV.   Breach of Fiduciary Duty Claim

The only claim remaining in Local 150's two-count complaint is a claim for breach of fiduciary duty, over which Local 150 asserts this Court has jurisdiction pursuant to 28 U.S.C. § 1367. (R. 1, Compl. ¶ 2.) Pursuant to 28 U.S.C. § 1367(a), when the Court has original jurisdiction over a federal claim, the Court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). When the claim over which the court has original jurisdiction is dismissed, however, the court may decline to exercise supplemental

---

[5] As the lack of subject matter jurisdiction is determinative of Local 150's LMRDA claim, this Court declines to address Ward's remaining arguments to dismiss the LMRDA claim.

jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3).

When a state-law claim is appended to a federal claim that confers original jurisdiction on the federal courts, as in this case, "the sensible presumption [is] that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims." *Williams Elec. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (internal citations omitted). This presumption is based on the fact that "[s]ubstantial judicial and party resources will probably not have been expended on the litigation, and so the economies from retaining jurisdiction over the state-law claims will be slight." *Id.*; *see also Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007) ("A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice."). The considerations supporting the presumption against retaining supplemental jurisdiction apply here. Because the Court has dismissed Local 150's only federal claim for lack of subject matter jurisdiction, we decline to exercise supplemental jurisdiction over the remaining state law fiduciary duty claim. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the reasons explained above, Ward's motion to dismiss Local 150's complaint is granted. (R. 33, Mot. to Dismiss.) Local 150's LMRDA claim is dismissed with prejudice, and Local 150's breach of fiduciary duty claim is dismissed without prejudice to its renewal in state court.

Entered:

Judge Ruben Castillo
United States District Court

Dated: February 14, 2008

9